UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:17-cr-00222-JMS-TAB |
| DION G. MADISON, | ) ) -22 |
| Defendant. | ) ) |

## ORDER

Pending before the Court is Dion Madison's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release). Dkt. 1366. Mr. Madison seeks immediate release from incarceration. *Id.* Because Mr. Madison has not shown extraordinary and compelling reasons for a sentence reduction, his motion is **DENIED.**

## I.
### BACKGROUND

In April 2019, the Court sentenced Mr. Madison to 97 months' imprisonment after he pled guilty to distributing 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Dkts. 619, 627. The Court also imposed 4 years of supervised release. Dkt. 627. Judgment was entered on April 12, 2019. *Id*.

On August 5, 2020, Mr. Madison filed a pro se letter that the Court construed as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. 1355. The Court concluded that the motion did not, on its face, show that Mr. Madison was entitled to compassionate release and denied the motion without prejudice. Dkt. 1358. The Court informed Mr. Madison that he could file a renewed motion by completing and returning the Court's form compassionate release motion. *Id.* On September 2, 2020, Mr. Madison submitted a renewed motion by completing and returning

the Court's form compassionate release motion. Dkt. 1366. That motion is currently pending before the Court.[1]

## II.
### DISCUSSION

Mr. Madison is 34 years old. He is now incarcerated at FCI Forrest City Low in Forrest City, Arkansas. As of September 3, 2020, the Bureau of Prisons ("BOP") reports that FMC Lexington has 4 active COVID-19 cases among inmates, although it reports that 666 inmates at FCI Forrest City Low have recovered from COVID-19. https://www.bop.gov/coronavirus/ (last visited Sept. 3, 2020). According to the BOP website, Mr. Madison's release date is February 19, 2025.

In his renewed motion, Mr. Madison states that he is seeking release because of the COVID-19 pandemic. Dkt. 1366 at 2, 4. Specifically, he contends that the living conditions at FCI Forrest City Low do not allow him to follow social distancing guidelines. *Id.* He also contends that the BOP has not been able to control the spread of COVID-19 at FCI Forrest City Low and that he could be exposed to the virus, which could cause him to suffer future heart or lung problems. *Id.* at 4. He does not, however, base his motion on any medical diagnosis of his own, *id.* at 5 (leaving blank a question where he was asked to list any medical diagnoses that are the basis of his motion), and the record includes no information suggesting that Mr. Madison has a condition that would put him at risk of developing severe symptoms if he were to contract COVID-19, *see* dkt. 618 at 14 (April 2019 Presentence Investigation Report) (stating that Mr. Madison is not currently under the care of a doctor or taking prescription medication).

---

[1] The Court concludes that it does not require a response brief from the United States to decide the issues presented by Mr. Madison's motion.

2

> 18 U.S.C. § 3582(c) provides in relevant part:
>
> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,[2] whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> **(i)** extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* In response to this directive, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c), contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes. While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release,[3] courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *E.g.*, *United*

---

[2] In his motion, Mr. Madison states that he made an administrative request for a sentence reduction to his warden on June 28, 2020. Dkt. 1366 at 3. Thus, the Court will proceed to the merits of his motion.

[3] Until December 21, 2018, only the BOP could bring a motion for sentence reduction under § 3582(c)(1)(A). The First Step Act of 2018, which became effective on December 21, 2018, amended § 3582(c)(1)(A) to allow defendants to bring such motions directly, after exhausting administrative remedies. *See* 132 Stat. at 5239 (First Step Act § 603(b)).

*States v. Casey*, 2019 WL 1987311, at *1 (W.D. Va. 2019); *United States v. Gutierrez*, 2019 WL 1472320, at *2 (D.N.M. 2019); *United States v. Overcash*, 2019 WL 1472104, at *2-3 (W.D.N.C. 2019). There is no reason to believe, moreover, that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider.

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A), the compassionate release analysis requires several findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court must determine whether Mr. Madison is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, Application Note 1(D).[4]

---

[4]The policy statement provides that "[a] reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons." U.S.S.G. Manual §1B1.13, Application Note 4.

Mr. Madison does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 apply to him. *See* dkt. 1366 at 2. Thus, the question is whether the catchall provision for extraordinary and compelling reasons applies in this case.

The Court concludes that it does not. While the Court sympathizes with Mr. Madison's fear of contracting the virus, the general threat of contracting COVID-19 while incarcerated is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Jackson*, 1:18-cr-00314-RLY-MJD-01, dkt. 33 (S.D. Ind. Aug. 12, 2020) (denying motion for compassionate release where defendant was not at increased risk of developing severe symptoms if he contracted COVID-19); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). As such, this Court has consistently denied motions for compassionate release from defendants—like Mr. Madison—who are not at an increased risk of developing severe symptoms if they contract

---

Likewise, the catchall provision provides, "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, Application Note 1(D). This policy statement has not been amended since the passage of the First Step Act. Insofar as it states that only the Director of the BOP can bring a motion under § 3582(c)(1)(A), it is directly contradicted by the amended statutory text. This discrepancy has led some courts to conclude that the Commission does not have a policy position applicable to motions under § 3582(c)(1)(A)(i) and that they have discretion to determine what constitutes an "extraordinary and compelling reason" on a case-by-case basis, looking to the policy statement as helpful, but not dispositive. *See, e.g.*, *United States v. Perdigao*, No. 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020) (collecting cases); *see also United States v. Haynes*, No. 93 CF 1043 (RJD), 2020 WL 1941478, at *14 (E.D.N.Y. Apr. 22, 2020) (collecting cases). Other courts have held that they must follow the policy statement as it stands and, thus, that the Director of the BOP is the ultimate arbiter of what counts as "extraordinary and compelling" under the catchall provision. *See, e.g.*, *United States v. Lynn*, No. 89-0072-WS, 2019 WL 3805349, at *2–4 (S.D. Ala. Aug. 13, 2019). The Court need not resolve that debate, though, because Mr. Madison's motion is due to be denied even if the Court assumes that the policy statement is not binding and that is has the discretion to determine what constitutes an "extraordinary and compelling reason" for a sentence reduction.

COVID-19, even when they are incarcerated in a "hotspot" for COVID-19 infections. *See United States v. Dyson*, 2020 WL 3440335, at *3 (S.D. Ind. June 22, 2020) (collecting cases). While there are still some active cases of COVID-19 at FCI Forrest City Low, it is not currently a hotspot, making Mr. Madison's case even less extraordinary and compelling than those in which the Court has denied relief.

Given the Court's determination that Mr. Madison has not shown extraordinary and compelling reasons to justify his release, it need not decide whether he poses a danger to the community or whether the § 3553(a) factors weigh in favor of his release.

### III.
### CONCLUSION

For the reasons stated above, Mr. Madison's Motion for Compassionate Release, dkt. [1366], is **denied**. In addition, the United States' motion to dismiss, dkt. [1369], is **denied as moot**.

**IT IS SO ORDERED.**

Date: 9/10/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Dion Madison
Reg. No. 16018-028
FCI Forrest City Low
Federal Correctional Institution
P.O. Box 9000
Forrest City, AR 72336

All Electronically Registered Counsel